UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) No. 24-po-7000-JCB ) |
| JOHN M. LEE, | ) ) |
| Defendant. | ) ) |

ORDER ON MOTION TO DISMISS

December 23, 2024

Boal, M.J.

Defendant John M. Lee has moved to dismiss the violation notices charging him with (1) driving under the influence – unsafe operation and (2) driving under the influence – blood alcohol level exceeds .08%. Docket No. 23. For the following reasons, this Court denies the motion but allows the government leave to amend the citations.

I.　　RELEVANT BACKGROUND

On August 29, 2023, a National Park Service Ranger issued four violation notices to Lee for (1) driving under the influence – incapable of safe operation in violation of 36 C.F.R. § 4.22(a)(1); (2) driving under the influence – blood alcohol level exceeds .08% in violation of 36 C.F.R. § 4.22(a)(2); (3) open container of alcohol in motor vehicle in violation of 36 C.F.R. § 4.14(b); and (4) failure to comply with traffic control device – red light in violation of 36 C.F.R. § 4.12. See Docket No. 1.

The violation notices related to driving under the influence each contained a citation error. Instead of citing 36 C.F.R. §§ 4.23(a)(1) and 4.23(a)(2), which prohibit operating under

1

the influence of alcohol or drugs, the notices mistakenly cite 36 C.F.R. § 4.22(a)(1) and (a)(2),[1] which prohibit unsafe operation of a vehicle. The violation notices' statement of probable cause states that:

> At approximately 1948 hours, while on patrol in my marked patrol vehicle, observed a gray Jeep WRANGLER proceed through a red light at the intersection of Chelsea and Constitution. This intersection is within the boundaries of the Boston National Historical Park.
>
> Using my emergency equipment, I stopped the driver (later identified as LEE, John M.
>
> During my investigation, LEE appeared to be under the influence. LEE was administered the Standardized Filed Sobriety Tests ("SFST's"). As a result of my own observations, as well as LEE's performance of the SFST's, I determined Lee to be operating under the influence and unsafe to operate a motor vehicle.

Docket No. 1 at 2, 4. With respect to the violation charging driving under the influence - blood alcohol level exceeds .08%, the notice also states that:

> LEE later consented to an alcohol breath test at the Massachusetts State Police Barracks on Storrow Dr. The test was conducted using an Alcotest model 9510 by an officer certified in its use. The results of the test concluded LEE's blood alcohol content (BAC) to be 19%, over twice the legal limit.

Id. at 4.

On January 17, 2024, this Court held an initial appearance. At that time, this Court noted that the citations for driving under the influence cited the wrong provision of the Code of Federal Regulations and ordered the government to file a submission regarding the effect of the citation error. On February 27, 2024, the government filed such a submission. Docket No. 5. The parties subsequently engaged in plea negotiations. After the parties were unable to reach a

---

[1] 36 C.F.R. § 4.22 does not contain a subsection (a)(1) or (a)(2).

resolution, defense counsel requested additional time to file a response to the government's submission and this Court set a deadline of November 21, 2024 to do so. See Docket No. 22.

On November 21, 2024, the defendant filed the instant motion to dismiss. Docket No. 23. The government filed an opposition on December 5, 2024. Docket No. 26. This Court heard oral argument on December 20, 2024.

II. ANALYSIS

Lee has moved to dismiss the violation notices charging him with (1) driving under the influence – unsafe operation and (2) driving under the influence – blood alcohol level exceeds .08% because they cite the wrong provision of the Code of Federal Regulations. Docket No. 23.

Pursuant to Rule 58 of the Federal Rules of Criminal Procedure, the trial of a petty offense may proceed on a citation or violation notice. Fed. R. Civ. P. 58(b)(1). "Rule 58 contemplates that the charging document for a petty offense need not be as formal or require as much as an indictment or information would." United States v. Urbina, No. 9466907, 2024 WL 3585577, at *9 (D.P.R. Jul. 29, 2024) (citation omitted). A notice will be sufficient "if the citation states the charge and gives the date, time, and place of the violation," and the "defendant receives a probable-cause statement before trial that sets for the factual basis for the charge." United States v. Puch, No. 20-3265, 2021 WL 867038, at *3 (6th Cir. Jan. 21, 2021).

With respect to an indictment or information, an error in a citation is not grounds to dismiss the indictment or information or to reverse a conviction "[u]nless the defendant was misled and thereby prejudiced." Fed. R. Civ. P. 7(c)(2). The First Circuit has held that defendants suffer no prejudice in cases where indictments contain citation errors but nevertheless put defendants on reasonable notice of the charges against them. See, e.g, United States v. Karmue, 841 F.3d 24, 29-30 (1st Cir. 2016) (defendant not prejudiced by post-trial amendment

3

to indictment correcting citation error where citation was patently mistaken and the operative language of the original indictment placed defendant on reasonable notice of the charge); United States v. Vega Molina, 407 F.3d 511, 525 (1st Cir. 2005) ("It is apodictic that erroneous statutory citations in an indictment do not constitute grounds for reversing a conviction, as long as the defendant was on fair notice of the charges against him."); United States v. Isabel, 945 F.2d 1193, 1197 (1st Cir. 1991) (defendant not prejudiced by government's amendment to indictment at close of evidence correcting statutory citation where error was "patent mistake" and indictment put defendants on reasonable notice of charges against them based on allegations in the text of the indictment).[2]

The defendant argues that this Court should not rely on Rule 7 of the Federal Rules of Criminal Procedure because it only applies to indictments or informations and the inclusion of subsection (c)(2) in Rule 7 and its absence in Rule 58 "leads to the conclusion that a citation error in a petty offense may serve as grounds to dismiss." Docket No. 23 at 2. Petty offenses, however, are given less procedural protections than felony offenses. See Urbina, 2024 WL 3585577, at *10 (citations omitted). This Court sees no reason to be more strict about a citation error in a petty offense violation notice than an indictment or information.

Here, despite the citation error, the notices give sufficient notice of the charges against the defendant. The offense descriptions contained in the notices put the defendant on notice that he was being charged with "operating under the influence – incapable of safe op." and "OUI Unsafe Operation – Blood Alcohol Level Exceeds .08%." Docket No. 1 at 1, 3. The statements of probable cause in the notices provide even more detailed explanations about the charges against the defendant. Accordingly, this Court finds that Lee was neither misled nor prejudiced

---

[2] The defendant has made no argument of prejudice here.

by the citation errors in the notices and finds that such citation errors are not a basis for dismissal of the petty offense violations.  See, e.g., United States v. Roberts, No. 2010-po-0407RBC, 2010 WL 4056084, at *1 n.2 (D. Mass. Oct. 15, 2010) (Citation error in violation notice "is of no consequence since the Violation Notice in all other respects informed Roberts of the charge against him in sufficient detail to enable him to prepare a defense.").  Accordingly, the motion to dismiss the violation notices is denied.  At the hearing, the government requested leave to amend the subject notices, which is granted.  The government shall issue amended citations by January 6, 2025.

      /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

5